IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL P. SOEHNLEN, et al., | ) | CASE NO. 1:15-CV-445 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| FLEET OWNERS INSURANCE FUND, et al., | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Defendants' Fleet Owners Insurance Fund, (hereafter the "Plan"), Robert Kavalec, Charlie Alferio and Victor Collava (hereafter "Defendants") Motion to Dismiss First Amended Complaint and to Strike Jury Demand. (ECF #13).  Plaintiffs Daniel P. Soehnlen, Bill Reeves and Superior Dairy, Inc. (hereafter "Plaintiffs") filed a Memorandum of Law in Opposition, (ECF #18) and Defendants filed their Reply Brief (ECF #22).  Therefore the issues have been fully briefed and are ripe for review.

For the reasons set forth in this Memorandum, Defendants' Motion to Dismiss is GRANTED.

I.    <u>Procedural and Factual Background</u>

Plaintiff Superior Dairy is an Ohio corporation located in Canton, Ohio that engages in intrastate and interstate commerce as a manufacturer of milk, cheese, cottage cheese and ice cream.  (ECF #11, ¶3). Plaintiff Soehnlen is President and Chief Executive Officer of Superior Dairy, and Plaintiff Reeves is an hourly-compensated employee.  (Id. at ¶5).  As employees, both

Plaintiffs, along with their spouses and eligible dependents, are considered participants and beneficiaries under a group health plan (the "Plan") managed by Defendants.[1] The Plan is a collectively bargained "employee benefit welfare plan" within the meaning of ERISA[2] that provides medical coverage to approximately 1,000 covered employees and their beneficiaries.[3] For purposes of this pleading, the terms of the Plan are provided by a Participation Agreement signed April 14, 2014, which incorporates the Amended and Restated Agreement and Declaration of Trust signed in 2002. (See ECF #11-1 and 11-2).[4]

Plaintiffs filed their First Amended Complaint (ECF #11) against Defendants, alleging that they violated the Patient Protection and Affordable Care Act of 2010,[5] (hereafter the "ACA"), the Employee Retirement Income Security Act (hereafter "ERISA"),[6] the Taft-Hartley Act,[7] and various provisions of the Trust and Participation Agreements that govern the Plan.

Specifically, the Amended Complaint asserts eights counts:

1.     Plaintiffs Soehnlen and Reeves seek to recover benefits due, enforce

---

[1]     Plaintiffs seek to certify this matter as a class action under Fed. R. Civ. P. R. Civ. P. 23 and ERISA. (See ECF #11).

[2]     See ECF #13, p. 2.

[3]     See ECF #11, ¶28.

[4]     Documents submitted with a motion to dismiss are considered part of the pleadings if they are referred to in the Complaint and are central to plaintiff's claims. *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997).

[5]     26 U.S.C. §5000A (Pub. L. No. 111-148, as modified by the subsequently enacted Health Care and Education Reconciliation Act, Pub. L. No. 111-152 (2010)).

[6]     29 U.S.C. §§ 1001 et seq. (1974).

[7]     Section 302 of the Labor Management Relations Act (LMRA), 1947, 61 Stat. 157, as amended, 29 U.S.C. §186 (1988 ed. and Supp. III).

-2-

their rights under the terms of the Plan, and clarify their future rights to benefits under the Plan, including those mandated by the ACA (citing ERISA §1132(a)(1)(B);

2.    Plaintiffs Soehnlen and Reeves allege that the Plan "forfeited and surrendered its purported 'grandfathered' status" under the ACA, and therefore seek to recover benefits due, enforce their rights under the terms of the Plan, and clarify their future rights to benefits under the Plan, including those mandated by the ACA, for "non-grandfathered group health plans" (citing ERISA §1132 (a)(1)(B));

3.    Plaintiffs Soehnlen and Reeves allege that Defendants have refused to provide benefits and coverages mandated by the ACA, ERISA and the Plan, and seek to enjoin future violations and obtain appropriate monetary, declaratory and equitable relief to redress the violations (citing §1132(a)(1)(B) and §1132(a)(3);

4.    All Plaintiffs allege that Defendants breached their fiduciary duties in failing to adhere to the ACA, ERISA and the Plan, which has caused the Plan to be subject to taxes and penalties.  Plaintiffs seek economic, injunctive and equitable relief (citing §1132(a)(2), §1132(a)(3) and §1109(a);

5.    Plaintiff Superior Dairy alleges that Defendants Kavalec, Collova and Alferio made false statements and/or representations while marketing the Plan to Superior Dairy in violation of 29 U.S.C. §1149, and requests monetary damages, injunctive, declaratory and equitable relief;

6.    Plaintiffs assert that Defendants have violated the Taft Hartley Act, 29 U.S.C. §186,  by failing to provide a neutral person in the event there is a deadlock in the administration of the Plan.  Plaintiffs claim they "are entitled to recoup and recover all monies remitted" to the Fund and all monies remitted by the Plan to Defendants;

7.    Plaintiffs allege that Defendants have breached the Participation Agreement between the Plan and Plaintiffs; (See ECF #11-1); and

8.    Plaintiffs allege that Defendants have breached the Amended and Restated Agreement and Declaration of Trust of the Fund. (See ECF #11-2).

II.    <u>Law and Analysis</u>

A.    <u>Standard of Review</u>

-3-

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Bishop v. Lucent Technologies, Inc.,* 520 F.3d 516, 519 (6th Cir.2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."*Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir.2005).

While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim. *Campbell v. PMI Food Equipment Group, Inc.,* 509 F.3d 776, 780 (6th Cir.2007). A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.*  Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Fed.R.Civ.P. 8(a)(2). *Ibid.*

-4-

Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."*Twombly,* 550 U.S. at 555; see also *Association of Cleveland Firefighters v. City of Cleveland, Ohio,* 422 F.Supp.2d 883 (N.D.Ohio 2006).

In evaluating a motion to dismiss, a court considers the complaint. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir.2001). The court may also consider a document or instrument which is attached to the complaint, or which is referred to in the complaint and is central to the plaintiff's claim. *See id.;* Fed. R.Civ.P. 10(c) ("[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir.1997).

Defendants argue in their Motion to Dismiss that each of Plaintiffs Counts in the Amended Complaint fail to state a claims and should be dismissed pursuant to Rule 12(b)(6).  Each Count will be addressed herein.

B.    Analysis

Counts 1 and 2 are brought by Plaintiffs Soehnlen and Reeves under ERISA §502(a)(1)(B), claiming that Defendants have failed to provide coverages mandated under the ACA and ERISA.  Section 502(a)(1)(B) allows a participant or beneficiary to bring a civil action to recover benefits owed to him under the plan, enforce his rights under the plan, or to clarify his rights to future benefits under the terms of the plan. *Daft v. Advest, Inc.*, 658 F.3d 583, 587 (6th Cir.2011); 29 U.S.C. §1132(a)(1)(B).

Federal courts only have the power that is authorized by Article III of the Constitution and that statutes enacted by Congress, therefore, a plaintiff must possess both constitutional and statutory standing in order for this Court to have jurisdiction. *Loren v. Blue Cross & Blue Shield*

-5-

*of Mich.*, 505 F.3d 598, 607 (6th Cir.2007).  As the party invoking federal jurisdiction, Plaintiffs bear the burden of establishing standing. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).  In order to establish Article III standing, Plaintiffs "must allege (1) injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) redressability." *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir.2012)(citing *Lujan*, 504 U.S. at 560).

In this matter, Plaintiffs have failed to show standing because they have not sufficiently alleged an injury in fact, or "an invasion of a legally protected interest which is (1) concrete and particularized, and (2) actual or imminent, not conjectural or hypothetical." *Taylor,* 680 F.3d at 612.  Plaintiffs have not alleged any concrete or actual injury - rather, they allege potential injuries that might occur under a hypothetical set of circumstances.[8]  Where there is no injury, there is no redressability - therefore, Plaintiffs lack standing to pursue Counts I and II, and they are dismissed.        Count III also presents a §502(a)(1)(B) claim against Defendants, and as outlined above, that claim will be dismissed for lack of standing.  In addition, Plaintiffs cite §502(a)(3) in Count III, which allows a Plaintiff to bring an action "(A) to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan." 29 U.S.C. §1132(a)(3).  It has already been determined that Plaintiffs Soehnlen and Reeves have not sufficiently alleged an injury, and in the ERISA setting, a dispute is not ripe for adjudication if it involves contingent future events that may not occur as

---

[8]        See Amended Complaint, ¶18 (discussing previous, unrelated medical expenses allegedly incurred by Plan beneficiaries which are not at issue herein).

-6-

anticipated, or may not occur at all."*Rose v. Volvo Const. Equipment North America, Inc.*, 412 F.Supp.2d 740 (N.D.Ohio 2005). Plaintiffs seem to be requesting an advisory opinion regarding whether the Plan follows each and every section of the ACA, which this Court sees no justification to issue. Therefore, Plaintiffs' claims under Count III must be dismissed in its entirety for failure to state a claim under Rule 12(B)(6).

To avoid the standing requirement, Plaintiffs argue that Defendants' Motion to Dismiss should be denied because "separate and distinct 28 U.S.C. §2201 Declaratory Judgment Act standing exists." (ECF #18, p. 16). This Court does not agree, and finds that the Declaratory Judgment Act does not provide Article III standing for Plaintiffs in this matter.

While this court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," it may exercise jurisdiction only "where it is specifically authorized by federal statute." 28 U.S.C. §1331. The Declaratory Judgment Act itself does not provide independent jurisdictional footing, *Michigan Corrections Org. v. Michigan Dept. Of Corrections,* 774 F.3d 895 (6th Cir. 2014)(citations omitted), nor does it provide a federal cause of action. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). It has already been determined that the Plaintiffs alleged injuries are merely speculative and do not rise to the level of a "case of actual controversy." *Grand Trunk W.R.R. Inc. v. Brotherhood of Maint. of Way Employees*, 643 F.Supp.2d 947 (N.D.Ohio 2009). Therefore, the Declaratory Judgment Act does not provide this Court with independent jurisdiction over Plaintiffs ERISA claims.

In Count IV, Plaintiffs[9] allege that Defendants Kavalec, Collolva and Alferio breached their fiduciary duties toward the Plan, citing §1132(a)(2), §1132(a)(3) and §1109(a) of ERISA. Plaintiffs allege that Defendants failure to adhere to the ACA, ERISA and the Plan, which could result in "over $15,000.000.00 in taxes and penalties." (ECF #11, ¶64). Plaintiffs provide no factual or legal basis to support such an allegation. Similarly, the Plaintiffs have not alleged the requisite elements of a breach of fiduciary claim, in that there is no specific, concrete or particularized injury alleged. *Taylor*, 680 F.3d at 612. Therefore, Count IV must be dismissed for failure to state a claim.

In Count V, Plaintiffs allege that the individual trustees, Defendants Kavalec, Collova and Alferio, violated §1149 of ERISA by knowingly making false statements or representations regarding the benefits and coverages provided by the Plan. (ECF #11, ¶67-68). Defendants argue that private plaintiffs lack the standing to enforce ERISA's criminal provisions, and this Court agrees. It has been held that enforcement of ERISA's several criminal provisions is the "exclusive prerogative of the Attorney General" and that these criminal provisions of ERISA provide no private right of action. *West v. Butler*, 621 F.2d 240, 244 (6th Cir.1980). The ACA recently amended ERISA to provide that "any person who violates section 519 shall upon conviction be imprisoned not more than 10 years or fined..." 29 U.S.C. §1131(b). Clearly, §519 provides criminal penalties and does not allow for the monetary or equitable relief sought by Plaintiffs.

---

[9] To the extent that Plaintiffs intended Superior Dairy to be included in Count IV, it does not have standing to pursue a breach of fiduciary duty claim under Sections 1132(a) or 1109 of ERISA. *See DeMarco v. C&L Masonry, Inc.*, 891 F.2d 1236 (6th Cir.1989).

-8-

Therefore, Plaintiffs do not have standing to sue Defendants under 29 U.S.C. §1149, and Count V of the Amended Complaint must be dismissed.

In Count VI, Plaintiffs allege that Defendants have breached §186(a-c) of the Taft-Hartley Act, because the Plan fails to identify a neutral party in the event of a deadlock between the parties as to the administration of the plan, and the trust agreement fails to provide for an impartial umpire to decide deadlocks. (ECF #11, ¶¶70-72).

Defendants argue that Count VI of Plaintiffs Amended Complaint fails to state a claim and should be dismissed, and this Court agrees.   A violation of the Taft-Hartley Act occurs when the substantive restrictions in §§302(a) and (b) are disobeyed.  *Demisay*, 113 S.Ct. at 2257.  Plaintiffs have not alleged violations of those sections, but rather, has relied upon the remedial language contained in §302(c).  It has been held that any failure of party to comply with §302(c) may present some cause of action, "but it is no violation of [Taft-Hartley] - 302." *Id*. (Footnotes omitted).

This Court also finds that Plaintiff's have not demonstrated facts to support a violation of the Taft-Hartley Act by virtue of the agreements entered into by the parties. The Trust Agreement (aka the Plan), attached to Plaintiffs' Amended Complaint,[10] provides:

> "In the event a deadlock develops between the Employer and the Employee Trustee, or between the Trustees, the Trustees shall appoint a neutral party empowered to break such deadlock within a reasonable length of time.  Such neutral party may be appointed in advance of any deadlock.  In the event the Trustees are unable to agree upon a neutral party, or in the event such neutral party is unable to act, either the Employer or the Employee Trustee may petition the District Court of the United States for the Northern District of Ohio, Eastern Division, for appointment of a neutral person, as provided in Section 302(c) of the Labor Management Relations Act of 1947, as amended."

---

[10]    See ECF #11-2.

(*Id*. at Article 4, Section 3.)

Not only does the Trust Agreement specifically reference §302(c) of the LMRA, its language complies with the requirements of §302(c)(5)(B).  The Trust Agreement clearly sets forth the manner in which the parties can resolve deadlocked disputes administratively, prior to bringing action in district court.  Plaintiffs have not alleged any other violation under §302(c)(5)(b) of the LMRA, and therefore, have failed to state a claim against Defendants under the Taft-Hartley Act.  Count VI is dismissed.

Plaintiffs allege in Counts 7 and 8 that "[d]efendants have breached, and continue to breach" the Participation Agreement and the Trust documents that are included in the Plan. (ECF #11, ¶¶75, 77).  Plaintiffs provide no specific legal citations or factual information within these two claims, however, this Court can infer that they are alleging Defendants violated the ACA and/or ERISA.[11]

This Court need only look to the language contained in the Agreement and the Trust documents to determine that Plaintiffs have not exhausted their administrative remedies prior to filing this lawsuit.  The Trust provides as follows:

> Any person asserting a claim under or pursuant to the provisions of this Agreement, or pursuant to any rule, regulation or plan adopted by the Board of Trustees or asserting any right against the Fund, shall not file any claim before any court or agency without first having exhausted all remedies provided for by this agreement.

(ECF #11-2; Article XII, Section 2).

---

[11]     To the extent that Plaintiff intended to plead Counts 7 and 8 under state law violations, these Counts would be dismissed as being preempted by ERISA. *See Cromwell v. Equicor-Equitable HCA Corp.,* 994 F.2d. 1272 (6th Cir. 1991).

The Trust goes on to provide that prior to seeking remedies under the Plan, one must

adhere to the following requirement:

> All questions or controversies, of whatsoever character, arising in any manner or between any parties or persons in connection with the Trust Fund or the operation thereof, whether as to any claim for any benefits claimed by any member, participant, beneficiary, or any other person, *or whether as to the construction of the language or meaning of the rules and regulations adopted by the Trustees or this instrument*, or as to any writing, decision, instrument or accounts in connection with the operation of the Trust Fund or otherwise, shall be submitted to the Board of Trustees or in the case of questions related to claims for benefits, to a Claims Committee, and the decision of the Claims Committee or Trustees shall be binding upon all persons dealing with the Fund or claiming any benefit thereunder.

ECF #11-2, Article XI, Section 2 (emphasis added).

In ERISA cases, exhaustion of administrative remedies is a prerequisite to commencing

suit in federal court. *Coomer v. Bethesda Hospital, Inc.*, 370 F.3d 499, 505 (6th Cir.2004)(citation

omitted).  Plaintiffs attempt to argue that they are not "claimants" under the Plan, nor are they

"asserting a claim" for benefits, and therefore, this exhaustion requirement does not apply. (ECF

#18, p. 19).  Such an argument completely disregards the relevant language of the Trust

Agreement, which specifically provides separate exhaustion requirements for benefits claims,

(submit to the Claims Committee) as opposed to claims regarding the overall construction and

operation of the Plan (submit to the Board of Trustees).  Plaintiffs cannot escape the exhaustion

requirement of the Plan with semantics.

Similarly, Plaintiffs argument that they are entitled to an exception to the exhaustion

requirement based upon "futility" will not stand.  Plaintiffs have not sufficiently alleged that the

Plan's administrative procedures would be futile, or that the remedy would be inadequate. *See,*

*e.g., Coomer*, 370 F.3d at 505.  Plaintiffs rely on one, unverified statement made by the Plan's

-11-

counsel to support their futility argument.[12]  However, to warrant an exemption from the exhaustion requirement, Plaintiffs must meet the burden of showing that "it is certain that [their] claim will be denied on appeal, not merely that [they] doubt that an appeal will result in a different decision." *Id*.  Plaintiffs have not met this burden.  Therefore, this Court finds that Plaintiffs did not exhaust their administrative remedies and did not sufficiently allege the futility of exhausting those remedies.  Counts 7 and 8 of the Amended Complaint are dismissed.

III.     Conclusion

For the reasons outlined herein, Plaintiffs have failed to state a claim against Defendants upon which relief can be granted, and therefore, their Amended Complaint (ECF #11) is DISMISSED and Defendants' Motion to Dismiss (ECF #13) is GRANTED.  Defendants' Motion to Strike Jury Demand is now moot.


IT IS SO ORDERED.


                                                    /s/ Donald C. Nugent
                                                    DONALD C. NUGENT
                                                    United States District Judge


DATED: January 26, 2016


---

[12]     See ECF #11, ¶22 ("test your opinions [about the PPACA/HCERA and ERISA] in federal court."